IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANNIE WALTON IVORY,**                                                    **PLAINTIFF**

**V.**                                                                           **NO.1:06CV29-M-D**

**RANDY PERKINS, ET AL,**                                                **DEFENDANTS**

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff states that she pled guilty to possession of cocaine in the Circuit Court of Monroe County in 2004 and was sentenced to serve 16 years in the custody of the Mississippi Department of Corrections. The sentence was suspended and she was placed on Intensive Supervision/House Arrest with the provision that she comply with several conditions of probation, which were spelled out in the sentencing order. While plaintiff was on house arrest she received a Rule Violation Report (RVR) for allegedly violating the terms of her probation. She had a hearing on the RVR, was found guilty of the offense, and was placed in incarceration to serve the 16 year sentence. She states that she was improperly found guilty of the RVR, that the process was unfair because the term of her house arrest had almost expired, and that there were multiple errors in the RVR and the processing thereof. She asks that the RVR be set aside and that she be released from incarceration.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label

Dockets.Justia.com

he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case she would clearly be entitled to accelerated release. Therefore, she must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that plaintiff has exhausted state court remedies. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present the claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,*  677 F.2d 427, 443-44 (5th Cir. 1982)). Until plaintiff does this she is ineligible to pursue habeas corpus relief in this court.

Plaintiff has also moved for appointment of counsel in this matter. Since the case is being dismissed the motion is moot and will be denied in the final judgment, which will be entered in accordance with this opinion.

THIS the 16th day February, 2006.

                                           **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**